IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEON THORNTON, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. 3:19-CV-2047-N |
| § | | |
| SYNY LOGISTICS, INC., § | | |
| § | | |
| Defendant. § | | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Syny Logistics, Inc.'s ("Syny Logistics") motion to vacate default judgment and transfer [13] and Syny Logistics's motion to strike [16]. For the reasons below, the Court grants the motion to vacate and transfer and moots the motion to strike.

### I. ORIGINS OF THE DISPUTE

This dispute arises out of Plaintiff Leon Thornton's employment as a truck driver with Syny Logistics, a freight shipping trucking company based in Illinois. Def.'s Mot. Vacate Default Judgment 2 [13]. On July 10, 2019, roughly three months after Thornton began his employment, Thornton drove to Georgia, as instructed, to deliver cargo and the trailer attached to his truck. *Id.* The parties agree that Thornton did not return to Illinois or leave the truck in Georgia as instructed, although they diverge on their explanations for these events. *Id.*; Compl. 2 [1]. It is not disputed, however, that Syny Logistics reported the truck and trailer as stolen. Law enforcement stopped Thornton in Mississippi on July 12, 2019, with only the truck in his possession, and Syny Logistics claims that Thornton

MEMORANDUM OPINION AND ORDER – PAGE 1

refused to respond to its queries regarding the location of the trailer. Def.'s Mot. Vacate Default Judgment 2 [13].

Syny Logistics fired Thornton the same day. *Id.* In August 2019, Thornton filed suit against Syny Logistics, alleging that it falsely accused him of stealing the truck and trailer and claiming defamation *per se*. Compl. 3 [1]. Thornton also alleged violations of Title VII and the Age Discrimination and Employment Act. *Id.* On January 17, 2020, the Court granted default judgment as to Syny Logistics, which had not responded to the complaint. January 17, 2020, Default Judgment 1 [11]. On February 13, 2020, Syny Logistics filed this motion to vacate default and transfer.

## II. LEGAL STANDARDS

### A. Motion to Vacate Default Judgment

Federal Rule of Civil Procedure 60(b)(4) provides that district courts may vacate a final judgment if "the judgment is void." FED. R. CIV. P. 60(b)(4). In the Fifth Circuit, a district court lacks authority to issue a final judgment against a party if it does not have personal jurisdiction over that party. *Broadcast Music, Inc. v. M.T.S. Enter., Inc.*, 811 F.2d 278, 281 (5th Cir. 1987).

### B. Motion to Transfer

28 U.S.C. § 1404(a) authorizes district courts to transfer a case if the parties are bound by a valid and enforceable forum-selection clause that indicates a different district. 28 U.S.C. 1404(a); *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013). Federal law governs the enforceability of forum-selection clauses, and "a proper application of 1404(a) requires that a forum-selection clause be given controlling

MEMORANDUM OPINION AND ORDER – PAGE 2

weight in all but the most exceptional cases." *Atl. Marine Const. Co., Inc.*, 571 U.S. at 59–60.

The Supreme Court recently clarified that courts "should not consider arguments about the parties' private interests" in determining whether a forum-selection clause is enforceable and may weigh only public-interest factors. *Id.* at 64 ("A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum."). The public-interest factors include "administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Barnett v. DynCorp Int'l, LLC*, 831 F.3d 296, 309 (5th Cir. 2016) (internal quotation omitted).

### III. THE COURT VACATES THE DEFAULT JUDGMENT BECAUSE IT LACKS PERSONAL JURISDICTION OVER SYNY LOGISTICS

In determining whether a forum court has personal jurisdiction over litigants, the court must ensure that both the requirements of the Due Process Clause and the forum state's long-arm statute are met.[1]  Due process is satisfied if (1) the defendant has purposefully availed itself of the benefits of the forum state by establishing minimum

---

[1] "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

MEMORANDUM OPINION AND ORDER – PAGE 3

contacts with it and (2) subjecting the defendant to jurisdiction comports with "traditional notions of fair play and substantial justice." *Jackson v. Tanfoglio Giuseppe S.R.I.*, 615 F.3d 579, 584 (5th Cir. 2010) (internal citation omitted).

A defendant's contacts with a forum state may subject it to either general or specific personal jurisdiction. General jurisdiction exists when a party's contacts with a jurisdiction "are so continuous and systematic as to render them essentially at home in the forum state," regardless of whether the alleged claim is related to the defendant's actions in the state. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotations omitted). In contrast, specific jurisdiction, or "conduct-linked jurisdiction," exists when the claim against a non-resident defendant arises from or relates to the defendant's contacts with the state. *Id.* at 122; *Bristol-Myers Squibb Co. v. Superior Ct. of Ca., San Francisco Co.*, 137 S. Ct. 1773, 1780 (2017). Here, the Court holds that it has neither general nor specific jurisdiction over Syny Logistics.[2]

The paradigm cases for general jurisdiction over a corporation are the state where it is incorporated and the state where it has its principle place of business. *Daimler AG*, 571 U.S. at 137. Although general jurisdiction is not expressly limited to these forums and exists where a defendant has continuous and systematic contacts, the "continuous and systematic contacts test is a difficult one to meet" and requires "extensive contacts between

---

[2] As Syny Logistics' contacts with Texas are insufficient to establish either general or specific jurisdiction over it, the Court does not reach the second prong of the due process inquiry.

MEMORANDUM OPINION AND ORDER – PAGE 4

a defendant and a forum." *Luv N' Care v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).

Here, Syny Logistics is domiciled in Illinois, which serves as both its place of incorporation and the location for its home office. Def.'s Mot. Vacate Default Judgment 1–2 [13]. Further, Syny Logistics' contacts with Texas are not so continuous and systematic that it may be considered "at home" in the state. The complaint contains no allegations discussing the frequency with which Syny Logistics does business within the state, and Syny Logistics alleges that it maintains no offices in Texas. *See id.* at 6. Thornton claims in his response that Syny Logistics "continually makes stops in all of the major cities in Texas and some of the minor ones" and that Syny Logistics' website shows it has relationships with three distribution centers in Texas. Pltf.'s Resp. Mot. Vacate Judgment 4–5 [15]. Even considering these claims and accepting them as true, the quality and quantity of Syny Logistics' business transactions within Texas are nowhere near sufficient to subject it to render it "at home" in Texas. *See Luv N' Care*, 438 F.3d at 469 ("Even repeated contacts with the forum residents by a foreign defendant may not meet the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction."). The Court thus finds that it lacks general jurisdiction.

Likewise, the Court determines that it also lacks specific jurisdiction over Syny Logistics. Specific jurisdiction requires that there be "an affiliation[n] between the forum and the underlying controversy." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation omitted). "When there is no such connection,

MEMORANDUM OPINION AND ORDER – PAGE 5

specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1781.

The facts alleged in the complaint do not establish specific jurisdiction. The relevant paragraph in the complaint states:

> On April 6, Thornton wanted to take off for a colonoscopy. Thornton was sent to Houston the following Friday. He worked May 23 through July 2. He wanted to take off for a funeral on the 12th. He went from Colorado to Houston. Defendant said to take the truck to Atlanta. . . . Thornton got to Atlanta but could not deliver the load.

Compl. 2 [1]. Thornton's sole allegation regarding Texas is that he was sent to Houston while employed with Syny Logistics. His claims — that Syny Logistics falsely accused him of stealing a truck and fired him because of race and age — do not arise from or relate to his stop in Houston. Thornton's discharge did not occur in Texas and was not allegedly premised on any of Thornton's actions as a Syny Logistics' employee while he was in Texas. Syny Logistics claims its discharge of Thornton was based on his failure to deposit the trailer in Georgia, and Thornton's complaint states that the accusation and discharge occurred after he chose not to leave the truck in Georgia. Compl. 2–3 [1]. Thornton was stopped by law enforcement in Mississippi, and Syny Logistics fired him that same day, presumably while he was still in Mississippi.[3] *See id.* at 3; Def.'s Mot. Vacate Default Judgment [13].

---

[3] The complaint does not make any allegations as to the location of the Syny Logistics' office that made the decision to discharge Thornton or the employee who communicated that decision.

MEMORANDUM OPINION AND ORDER – PAGE 6

Additionally, there are no facts in the complaint that tie Thornton's hostile work environment claim to his stop in Houston, Texas. Thornton claims in his response to the motion to vacate that Syny Logistics maintains multiple facilities in Texas.[4] Resp. Mot. Vacate Default Judgment 5 [15]. Even if this is true, Thorton alleged no facts showing that his hostile work environment claim is related to the operations Syny Logistics allegedly has in Texas. The Court thus determines that it lacks personal jurisdiction over Syny Logistics. Consequently, the Court grants the motion to vacate the default judgment [11] as void under Federal Rule of Civil Procedure 60(b)(4).

## IV. THE FORUM SELECTION CLAUSE IS VALID AND ENFORCEABLE

Syny Logistics also contends that the parties are subject to a forum-selection clause in the employment contract that Thornton signed. That clause provides in relevant part:

> This agreement shall be construed and enforced in accordance with the laws of the State of Illinois. Any dispute or claim brought by either party to enforce the terms of this Agreement must be brought in the Circuit Court of Cook County, Illinois, Second Municipal District or the United States District Court, Northern District of Illinois.

Def.'s Mot. Vacate Default Judgment Ex. A-1 29 [13.2]. Following the Supreme Court's decision in *Atlantic Marine*, valid forum-selection clauses are generally enforced. Here, the parties do not appear to challenge the validity of the clause or disagree about its interpretation and applicability to this case.[5] Consequently, this Court addresses only the enforceability of the clause under *Atlantic Marine*.

---

[4] Syny Logistics denies having any Texas-based offices, Def.'s Mot. Vacate Default 6 [13].

[5] While federal law governs the question of enforceability, neither the Supreme Court nor the Fifth Circuit have determined whether federal law or state law applies to the question

MEMORANDUM OPINION AND ORDER – PAGE 7

Thornton's sole argument against enforcing the clause is that he cannot financially afford to litigate the case in Illinois. Pltf.'s Resp. Mot. Vacate Default Judgment 6 [15] ("[I]f the case were transferred to Illinois, it would be the literal equivalent of rendering a take nothing judgment."). In support, Thornton cites a 1997 Fifth Circuit case that provides that a forum-selection clause may be unenforceable for several reasons, including when "the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum." *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997) (citing *M/S The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 11 (1972)). While *Haynesworth* appears to still be good law, the Supreme Court's more recent opinion in *Atlantic Marine* clarifies that party convenience may not be weighed in the enforceability calculus. *Atl. Marine Const. Co., Inc.*, 571 U.S. at 581–82 ("When parties agree to a forum selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witness, or for their pursuit of the litigation."). Because Thornton asserts only a private interest — his financial circumstances — and does not argue that the enforcement of the clause would violate the public interests that this Court is permitted to consider, the

---

of forum-selection clause validity. *Atl. Marine Const. Co., Inc.*, 571 U.S. at 581 n.5 ("Our analysis presupposes a contractually valid forum-selection clause."); *Barnett v. DynCorp Int'l, LLC*, 831 F.3d 296, 301–03 (5th Cir. 2016) (observing that the Fifth Circuit has not "said what source of law governs the 'validity' of a forum-selection clause" and declining to decide that issue). In this case, Thornton's sole challenge to the forum-selection clause references federal law. Pltf.'s Resp. Mot. Vacate Default Judgment 7–8, 11 [15]. Consequently, the Court assumes the parties have waived any arguments that state law applies to the issue of validity.

MEMORANDUM OPINION AND ORDER – PAGE 8

Court determines the clause is enforceable. *See also DBS Solutions, LLC v. Infovista Corp.*, 2016 WL 3926505, at *4 (N.D. Tex. 2016) ("Even if the Court could consider this argument, the expense of trying a case in a particular forum has long been insufficient to satisfy a party's burden of demonstrating grave inconvenience.") (internal quotation omitted). The Court thus grants Syny Logistics' motion to transfer this case to the Northern District of Illinois.

## CONCLUSION

Because the Court lacks personal jurisdiction over Syny Logistics, the Court vacates the default judgment [11] against it. Further, the Court determines that the parties are subject to a valid and enforceable forum-selection clause and grants the motion to transfer this case to the Northern District of Illinois, Eastern Division, pursuant to that agreement. The Court moots Syny Logistics' motion to strike [16].

Signed June 1, 2020.

_____
David C. Godbey
United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 9